UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENN ALLEN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:16cv36HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied.

## Facts and Background

On January 9, 2007, Petitioner entered a plea of guilty to the offense of Possession Of Methamphetamine With the Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). A Presentence Investigation Report was prepared and provided to the court. Petitioner appeared on April 10, 2007 for sentencing. Petitioner was found to be a career offender and was sentenced to a within-Guidelines term of imprisonment of 188 months.

The Presentence Investigation Report found Petitioner to be a career offender under U.S.S.G. § 4B1.1(a), resulting in a Total Offense Level of 29. The convictions that were classified as career offender predicates were: (1) a crime of violence conviction for First Degree Burglary; (2) a controlled substance offense of Manufacture of a Controlled Substance. The Criminal History Category was VI since he was classified as a career offender and the resulting sentencing range was 151 to 188 months.

## Petitioner's Claim

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  His suggestion is that *Johnson* should be applied retroactively to his case to reduce his sentence.

## Discussion

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016).  However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines. Unlike the ACCA, a Guidelines classification does not "prescribe[] punishment." *Welch*, 136 S. Ct. at 1268.

A Career Offender is determined as follows:

2

> (a)  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

A "crime of violence" is defined in the Guidelines as follows:

> (a)  the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis furnished).

Here, the Sentencing Guidelines provide that one of the enumerated crimes that may be used as a Career Offender predicate conviction is "burglary of a dwelling." The crux of Petitioner's offense conduct regarding his First Degree Burglary conviction was that the Petitioner "burglarized a home and stole property." P.S.R. ¶ 28.  Clearly this is an "enumerated" crime. It is specifically set out in paragraph 2 of U.S.S.G. § 4B1.2(a).

In *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016), the defendant applied for leave to file a successive petition based upon *Johnson*, seeking to extend *Johnson* and *Welch* by urging that the residual clause of the career offender provisions in the sentencing guidelines was unconstitutionally vague and that this extension should be applied retroactively to cases on collateral review. *Id.* The motion was denied and the

3

Court concluded that "Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review." *Id.*

*Donnell* forecloses the issue raised here by Petitioner, holding that defendants are not entitled to apply *Johnson* retroactively to cases on collateral review. In refusing to allow Donnell permission to file his successive 2255 Petition, the Court noted that "[f]or Donnell's successive motion to succeed, therefore, the post-conviction court must announce a second new rule that extends *Johnson* to the sentencing guidelines." *Id.* at * 1. The *Donnell* Court declined to find that this "second new rule" exists and denied Donnell permission to file his successive § 2255 Petition.

Considering the Court's holding in *Donnell*, Petitioner, may not apply the holding of *Johnson* in a retroactive fashion to attack his career offender sentence on collateral review. He has not shown that there is a new rule of constitutional law, made retroactively applicable to cases on collateral review.

## Conclusion

Based upon the foregoing analysis, Petitioner has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 3rd day of April, 2017.

                                                                  *Henry Edward Autrey*
                                                          HENRY EDWARD AUTREY
                                                          UNITED STATES DISTRICT JUDGE